LOBENSTEIN v. HYMSON.

(*Knoxville.*    October 17, 1891.)

1. ATTACHMENT.    *Liability for damages resulting from wrongful attachment.*

Upon dismissal of attachment because affidavit stated insufficient cause for its issuance, the defendant is entitled to recover of the plaintiff the actual damages sustained from such wrongful attachment, although good cause for issuance of attachment existed and the suit was prosecuted in good faith.

2. CHARGE OF COURT.    *As to sufficiency of evidence.*

It is not error for the Court to instruct the jury that the plaintiff must make out his case "by a preponderance of proof, such as is satisfactory to your minds."

FROM KNOX.

Appeal from Circuit Court of Knox County. A. S. PROSSER, Sp. J.

HENDERSON & JOUROLMON and WAT. M. COCKE for Lobenstein.

R. A. CAWOOD and W. L. WELCKER for Hymson.

TURNEY, Ch. J.    On June 27, 1889, plaintiffs in error sued out an original attachment from the

office of a Justice of the Peace, returnable to the Circuit Court. The attachment was levied on the goods of Hymson.

The attachment was discharged because the affidavit was defective.

A new suit by attachment was commenced, the same goods levied upon, and the suit successfully prosecuted.

The present suit is to recover on the first bond damages for wrongfully suing out the attachment.

There was judgment for Hymson, and appeal to this Court. One of the errors assigned is said to be in the failure of the Court to charge, as requested, "that the plaintiff would not be entitled to recover if the defendant, in suing out the original attachment, had reason to believe, and did, upon sufficient ground, believe that the defendant therein had committed, or was about to commit, a violation of the grounds of the attachment under the statute, and grounds for the attachment did exist at the time the same was sued out. In other words, the plaintiff could not recover if Seasongood, Menderson & Co. had, grounds to swear out said attachment, notwithstanding the fact that said affidavit was improperly worded by the draughtsman."

The refusal was proper. The fact that there may have been sufficient grounds for the attachment does not do away with the duty to state them that the Court may have jurisdiction. A right to sue in a given form of action does not confer a

right to trespass upon or convert the property of a debtor by a seizure by force or otherwise. A creditor has no authority to collect a debt by force, nor to impound property to secure its collection without due process of law.

As the recovery sought and had in this case was merely compensatory, and confined to the injury done to the goods or their value, the existence of a legal right to attach unemployed cannot be looked to in mitigation of damages.

It was not error to say to the jury: "The plaintiff must show by a preponderance of proof such as is satisfactory to your minds," etc. The effect of the charge is that there must be preponderance in plaintiff's favor, and it follows, of course, that such preponderance must satisfy, else the case is left in equipoise, and the verdict should be for defendants.

If this charge were erroneous, it is not for appellants to complain, as it was in their interest and against the defendant in error.

Affirmed.